# EXHIBIT 1

__Appendix XII-B1__

( ) Cash  (✓) Check



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO: MAY 16 2014
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ben Friedman | (856) 719-6600 | Camden |
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| Law Offices of Ben Friedman | | L 1918-14 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| One Greentree Centre | | Complain |
| 10000 Lincoln Drive East, Suite 201 | | |
| Marlton, NJ 08053 | | JURY DEMAND  ☒ Yes  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Andre DeGerolamo | Andrea DeGerolamo v. Fulton Financial Corporation |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 618 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ Yes ☐ No | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

MAY 16 2014

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _/s/_

Benjamin Friedman, Esquire
Law Offices of Ben Friedman
One Greentree Centre
10000 Lincoln Drive, East, Suite 201
Marlton, NJ 08053
(856) 719-6600

| | | |
|---|---|---|
| ANDREA DEGEROLAMO, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiff, | : | CAMDEN COUNTY |
| | : | DOCKET NO. L 1918-14 |
| v. | : | CIVIL ACTION |
| | : | COMPLAINT AND DEMAND FOR JURY TRIAL |
| FULTON FINANCIAL CORPORATION, | : | |
| Defendant. | : | |

Plaintiff, Andrea DeGerolamo brings this action alleging discrimination based on her disability and retaliatory discharge in violation of the New Jersey Law Against Discrimination ("NJLAD") against the Defendant, Fulton Financial Corporation. Plaintiff alleges that Defendant terminated Plaintiff's employment based on Plaintiff's diagnosis as being clinically depressed, and that Defendant further violated the NJLAD by refusing to enter into an inter-active dialogue with Plaintiff aimed at reaching a reasonable accommodation, refusing to provide a reasonable accommodation, and in addition terminating Plaintiff in retaliation for Plaintiff objecting to the discriminatory treatment she had been receiving. Finally, Plaintiff had taken leave under the Federal Medical Leave Act in August of 2012. Defendant violated FMLA by altering Plaintiff's job position when she returned as well as terminating Plaintiff in retaliation for utilizing FMLA.

## PARTIES

1. Plaintiff is an individual with her residence at 15 Rawling Street, Berlin, New Jersey.

2. Defendant is a corporation with its principle place of business at 1 Penn Square, PO Box 4887, Lancaster, PA 17604. Defendant is in the business of managing financial institutions throughout the state of New Jersey.

## STATEMENT OF FACTS

3. Plaintiff was originally hired by Defendant on or about November 1, 2007 in the capacity of a marketing coordinator. At all times relevant hereto Plaintiff performed her job responsibilities in an exemplary manner.

4. Plaintiff continuing in her career as employed by Defendant without incident until 2012 at which time Plaintiff began to feel great anxiety and depression which was especially aggravated by crowded roadways experienced during the heavy traffic of rush hour. Plaintiff sought medical treatment and was diagnosed with general anxiety disorder and depression. In August of 2012 Plaintiff went out on FMLA in order to seek medical treatment.

5. Plaintiff returned to her job duties as of November 2012 and almost immediately received a scathing and negative performance review even though she had never received a negative review in the past.

6. Plaintiff requested, at the mandate of her doctor, a reasonable accommodation by which she could come in after morning rush hour and leave prior to evening rush hour. Although this

accommodation was originally given, it was shortly thereafter revoked and no further accommodation offered.

7.      At the time Plaintiff returned from her FMLA leave Defendant changed the nature of Plaintiff's position so that she was delegated to clerical type work instead of the marketing duties she was previously responsible for in her capacity as marketing manager.

8.      Plaintiff attempted to object to her treatment by Defendant by utilizing an ethics review board offered by Defendant. Plaintiff filed an ethics complaint in May of 2013. Plaintiff never received a response from the ethics review complaint but instead was terminated on May 17, 2013.

9.      As a result of Defendant's conduct detailed above, Plaintiff has suffered and will continue to suffer grievous economic harm, including but not limited to, the loss of medical insurance, wages, and emotional distress.

## COUNT ONE

(VIOLATION OF NJLAD, REFUSAL TO PROVIDE ACCOMADATION)

10.     Plaintiff repeats and incorporates the preceding paragraphs as if set forth in their entirety.

11.     Plaintiff's medical condition qualified her as being disabled as defined within the NJLAD. Plaintiff's condition required that she receive ongoing medical treatment, and also limited her physical abilities.

12.     Defendant did not engage in an interactive dialogue with Plaintiff aimed at reaching a reasonable accommodation, and Defendant ultimately refused any accommodation in violation of the NJLAD.

13. As a result of Plaintiff's disability Defendant terminated Plaintiff from her employment in May of 2013.

14. Defendant's course of action which included refusal to accommodate Plaintiff's disability, giving Plaintiff a poor performance review which did not reflect her actual performance, altering her job duties and finally terminating her employment in retaliation for filing a complaint, are all in violation of both the NJLAD and FMLA.

15. As a direct and proximate result of Defendant's violation of NJLAD Plaintiff has suffered loss of her employment and attendant wages and benefits, including but not limited to medical insurance and emotional distress.

## COUNT TWO

(RETALIATORY DISCHARGE IN VIOLATION OF NJLAD)

16. Plaintiff repeats and incorporates the preceding paragraphs as if set forth in their entirety.

17. Plaintiff had engaged in protected activity during the course of her employment by filing an ethics grievance pertaining to the discriminatory treatment she had been receiving by the Defendant as described above.

18. Defendant, in retaliation against the Plaintiff for filing such a grievance discharged Plaintiff from her employment.

19. As a direct and proximate result of Defendant's violation of NJLAD Plaintiff has suffered loss of her employment and attendant wages and benefits, including but not limited to medical insurance and emotional distress.

## COUNT THREE

(VIOLATION OF FMLA)

20. Plaintiff repeats and incorporates the preceding paragraphs as if set forth in their entirety.

21. Plaintiff had gone out on approved FMLA leave in August of 2012. Said leave was one to which Plaintiff was entitled to and Defendant was legally obligated to provide.

22. Defendant was additionally obligated to not only hold Plaintiff's position open until her return but also to provide that the position was materially the same as the position she had left.

23. When Plaintiff returned to her employment after her leave the Defendant subjected her to performing clerical work which in essence was a demotion from her previous managerial responsibilities.

24. When Plaintiff objected to this treatment Defendant discharged her from her employment in violation of both the NJLAD and FMLA.

27. As a direct and proximate result of Defendant's violation of NJLAD Plaintiff has suffered loss of her employment and attendant wages and benefits, including but not limited to medical insurance and emotional distress.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following relief:

a. Order that Defendants make Plaintiff whole for all losses he has suffered, still suffers, and will suffer in terms of lost wages, benefits, insurance and pension coverage, and any other fringe benefits of his employment.

b.  Order that Defendants, in lieu of reinstating Plaintiff to his position with the Company, compensate him with front pay for the unlawful termination of him;

c.  Award Plaintiff compensatory damages for the injuries, including humiliation and emotional distress damages, suffered as a result of Defendants' violations of the NJLAD and FMLA;

d.  Aware Plaintiff punitive damages;

e.  Aware Plaintiff attorneys' fees and costs incurred by the need to bring this litigation; and

f.  Grant Plaintiff such relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

LAW OFFICES OF BEN FRIEDMAN

By: _____

Dated: 5/14/14

BEN FRIEDMAN

## CERTIFICATION OF PURSUANT TO RULE 4:5-1

1. I certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in Court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration is contemplated.

LAW OFFICES OF BEN FRIEDMAN

By: _____

BEN FRIEDMAN

Dated: 6/18/14

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, BEN FRIEMDAN, is hereby designated as trial counsel in this matter.

LAW OFFICES OF BEN FRIEDMAN

By: _____

BEN FRIEDMAN

Dated: 5/14/14

ADMITTED NJ AND PA BAR

BENJAMIN  FRIEDMAN

LAW OFFICES OF BEN FRIEDMAN

One Greentree Centre   10000 Lincoln Drive East   Suite 201   Marlton, NJ 08053
P 856.719.6600   C 856.261.8999   F 856.596.8359
http://www.benfriedmanlaw.com   bfriedman@benfriedmanlaw.com

May 14, 2014

Superior Court of New Jersey
Civil Processing
Hall of Justice
101 South 5th Street – Suite 150
Camden, NJ 08103-4001

Re:   Andrea DeGerolamo v. Fulton Financial Corporation
      Docket No.:

Dear Clerk:

Enclosed please find an original and one copy of the Complaint and CIS in the above captioned matter. Also enclosed is my check in the amount of $200.00.

Kindly mark the copy filed and return to me in the envelope provided.

Thank you for your attention to this matter.

Very truly yours,

Benjamin Friedman

BF/sg

Enclosures